NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2008-3292

RONALD A. DAVIS,

Petitioner,

v.

DEPARTMENT OF DEFENSE,

Respondent.

Ronald A. Davis, of Baltimore, Maryland, pro se.

Michael N. O'Connell, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for respondent. With him on the brief were Gregory G. Katsas, Assistant Attorney General, Jeanne E. Davidson, Director, and Reginald T. Blades, Jr., Assistant Director.

Appealed from: Merit Systems Protection Board

NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2008-3292

RONALD A. DAVIS,

Petitioner,

v.

DEPARTMENT OF DEFENSE,

Respondent.

Petition for review of the Merit Systems Protection Board in consolidated cases PH-3443060506-B-2, PH1221070542-W-1, and PH3443070544-I-1.

_____

DECIDED: December 5, 2008

_____

Before LOURIE, RADER and LINN, Circuit Judges.

PER CURIAM.

Ronald Davis appeals a decision of the Merit Systems Protection Board (the "Board") denying certain of his claims against the Defense Department under the Uniformed Service Employment and Reemployment Rights Act ("USERRA"), the Veterans Employment Opportunities Act ("VEOA"), and the Whistleblower Protection Act ("WPA"). Davis v. Dep't of Def., PH-3443-06-0506-B-2, PH-1221-07-0542-W-1, PH-3443-07-0544-I-1 (M.S.P.B. Dec. 21, 2007) ("Board Decision"). Because Davis's appeal relies on challenges to the Board's factual determinations that are supported by substantial evidence, this court affirms.

I

Mr. Davis is a GS-5 Teller with the Department of Defense, Defense Finance and Accounting Service ("DFAS") in Fort Meade, MD. The precipitating event in this appeal occurred on September 2, 2005, when Davis filed a complaint with the Office of Special Counsel ("OSC") disclosing time, attendance, and overtime irregularities regarding his immediate supervisor, Mr. Lawson J. Smith. DFAS commenced an investigation of Smith, which ultimately concluded that Smith had not committed attendance fraud. As a result of the investigation, however, DFAS provided several warnings to Smith regarding his future behavior on the job.

Davis alleged before the Board that following his complaint to OSC, DFAS engaged in several acts of unlawful retaliation. Specifically, Davis claimed that DFAS denied him a certain cash award, detailed him to a different position, moved him out of his office, subjected him to changes in his duties, denied him a series change and upgrade, and denied him training. He also alleged that on February 7, 2006, his supervisor improperly issued him a letter of warning for refusing to perform a task which Davis claims he could not have performed. Finally, Davis claimed that he was twice not selected for promotions, once on March 16, 2006 and again on May 11, 2006, in retaliation for his protected disclosure. On June 13, 2006, Davis filed an appeal with the Board alleging a violation of his rights under the VEOA (the "first appeal"). On July 30, 2007, Davis filed another Board appeal under the WPA and USERRA (the "second appeal"). These appeals concerned the aforementioned personnel actions and non-selection for promotion, and were consolidated into a single appeal.

On December 21, 2007, following a three-day hearing, the Boards' administrative judge issued an initial decision largely favorable to Mr. Davis. In this decision, the administrative judge granted Davis's request for corrective action under the WPA regarding the disputed non-selection, but denied Davis's VEOA and USERRA claims regarding the other personnel actions. Board Decision at 14. As a remedy for DFAS's WPA violation, the administrative judge ordered the agency to promote Davis, effective March 1, 2006, to a GS-06 position of military pay technician and pay him the appropriate amount of back pay, with interest. Id. at 14. The administrative judge denied all other relief sought by Davis. Id.

In this appeal, Mr. Davis primarily challenges the Board's findings regarding the February 7, 2006 letter of warning issued by Davis's supervisor. Davis also appears to challenge the Board's conclusion regarding his USERRA and VEOA claims. This court has jurisdiction under 28 U.S.C. § 1295(a)(9).

II

This court must affirm the Board's decision unless it is "(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence." 5 U.S.C. § 7703(c); Forest v. Merit Sys. Prot. Bd., 47 F.3d 409, 410 (Fed. Cir. 1995). This court reviews the Board's factual determinations for substantial evidence. Bolton v. Merit Sys. Prot. Bd., 154 F.3d 1313, 1316 (Fed. Cir. 1998).

As mentioned above, Davis's supervisor Smith issued Davis a letter of warning on February 7, 2007. This letter pertained to Davis's refusal to perform, at Smith's

request, a review of certain travel vouchers. Davis allegedly believed that his status as a teller/cashier prevented him from performing voucher reviewer duties. Davis argues that Smith issued the letter of warning in order to retaliate against Davis for his September 2, 2005 complaint to OSC, in violation of the WPA. He seeks an order from this court ordering the agency to remove the letter of warning from his personnel records.

To establish a violation of the WPA, this court requires proof of four elements: (1) the acting official has the authority to take, recommend, or approve any personnel action; (2) the aggrieved employee made a disclosure protected under 5 U.S.C. § 2302(b)(8); (3) the acting official used his authority to take, or refuse to take, a personnel action against the aggrieved employee; (4) the acting official took, or failed to take, the personnel action against the aggrieved employee because of the protected disclosure. See Lachance v. White, 174 F.3d 1378, 1380 (Fed. Cir. 1999).

Davis argues that his supervisor deliberately planned and staged the assignment of voucher review work and subsequent letter of warning in order to retaliate against Davis for his protected disclosure. This argument relies on attacking the administrative judge's factual determinations regarding Davis' available courses of action when he was told to perform voucher review. The record reveals, however, that DFAS employees Jerry Hammons and Sheila Melton testified that Davis was actually authorized to review travel vouchers despite his status as a teller. According to Hammons and Melton, Davis's function would have been simply to ensure the accuracy and completeness of the voucher information, and he would not have been finally accountable for such review. Based on this testimony, the Board concluded that the proper course of action

would have been for Davis to simply comply with Smith's directive and later file a grievance if he so desired. Board Decision at 11. This factual conclusion that Davis was authorized to perform the work, and thus the assignment and letter were not retaliatory, is supported by substantial evidence. This court accordingly affirms the Board's determination on Davis's WPA claim.

III

Davis also appeals the Board's conclusion that DFAS did not violate his USERRA rights when it did not select him for promotions in 2006. USERRA provides: "A person who . . . has performed . . . service in a uniformed service shall not be denied . . . initial employment, reemployment, retention in employment, promotion, or any benefit of employment by an employer on the basis of that . . . performance of service." 38 U.S.C. § 4311(a). An employee making a discrimination claim under USERRA must initially prove by a preponderance of the evidence that his military service was a motivating or substantial factor in the adverse employment action. See Sheehan v. Dep't of the Navy, 240 F.3d 1009, 1013 (Fed. Cir. 2001). If that initial burden is met, the agency must then establish by a preponderance of the evidence that it took the adverse action for valid reasons unrelated to the employee's veteran status. Id.

Here, the Board found that Davis's military service was not a motivating factor in DFAS's actions for two reasons. First, as a factual matter, there is no temporal proximity between Davis's military service, which ended on April 28, 1994, and the February 7, 2007 letter. Second, the Board's administrative judge credited the testimony of Smith, who testified that Davis's military service weighed in his favor since he obtained military pay experience while in the military. As to the question of temporal

proximity, the Board's finding is amply supported by substantial evidence. As to Smith's testimony regarding his lack of discriminatory intent with regard to Davis's military status, this court gives special deference to an administrative judge's analysis of credibility. See Hambsch v. Dep't of the Treasury, 796 F.2d 430, 436 (Fed. Cir. 1986) (characterizing credibility determinations as "virtually unreviewable"). Thus, this court affirms the Board's denial of Davis's USERRA claim.

IV

With regard to his VEOA claim, it appears that Mr. Davis factually challenges whether DFAS actually employed a merit promotion plan for the March 16, 2006 selection in which he was not promoted. Again, the resolution of this issue is dictated by this court's narrow standard of review. Davis's challenge relies on attacking the credibility of his own witness, Ms. Hull, who testified that the March 16, 2006 selection was made utilizing the merit promotion process. The Board's administrative judge credited this testimony in denying Davis's VEOA claim. This court has consistently held that "the evaluation of witness credibility is a matter within the discretion of the AJ." Frey v. Dep't of Labor, 359 F.3d 1355, 1361 (Fed. Cir. 2004). As such, this court must accept the administrative judge's determination of Ms. Hull's credibility because the testimony relied on here was not "inherently improbable or discredited by undisputed evidence or physical fact." Gibson v. Dep't of Veterans Affairs, 160 F.3d 722, 726 (Fed. Cir. 1998) (internal quotation omitted). Accordingly, this court affirms the Board's denial of Davis's VEOA claim.

V

Because the Board's decision is fully supported by substantial evidence, in accordance with law, and not procedurally defective, arbitrary, or capricious, this court affirms.

<u>AFFIRMED</u>